1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARMEL M. BUFORD,                        No.  2:23-cv-0804 KJM AC P

12                  Plaintiff,

13         v.                                 ORDER

14   TARA RUSSELL et al.,

15                  Defendants.

16

17         Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18   and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.      Application to Proceed In Forma Pauperis

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 8.  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                               1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3          II.        Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against "a

5   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11       III.    Complaint

12          Plaintiff alleges that Tara Russell and unidentified Mule Creek State Prison (MCSP)

13   officers violated their[1] constitutional rights.  ECF No. 1.  Specifically, they allege that on March

14   29, 2022, defendants confiscated and damaged $1,178.64 worth of personal property from

15   plaintiff's cell, including plaintiff's H.I.V. medications, durable medical equipment and supplies

16   (DME), and personal items that assist with plaintiff's mental health.  Id. at 3.

17          Plaintiff further alleges that in response to filing a grievance, defendants retaliated against

18   them in a variety of ways, including using excessive force; damaging and stealing their

19   transgender access card, non-binary/transgender name change documents, birth certificate, and

20   other property; changing their pronouns without authorization; interfering with visitation;

21   ignoring their grandmother's visitor application; intercepting plaintiff's mail; referring to them as

22   "retarded fucking faggot;" and threatening them with great bodily harm.[2]  Id. at 4.

23          Finally, the complaint also appears to allege that plaintiff was deprived of their right to

24   access the courts by Russell and various other officers when they were denied the opportunity to

25   _____

26   [1]  Plaintiff uses "they/them" pronouns.  See ECF No. 2 at 2.  If plaintiff wishes the court to use
     different pronouns, plaintiff may so inform the court.

27   [2]  It is unclear whether plaintiff is attempting to allege the conduct was also motivated by their
     LGBTQ+ status and therefore a violation of their equal protection rights.  Regardless, plaintiff
28   fails to state an equal protection claim because they do not identify the individuals who made the
     derogatory comments or their conduct.

1    appear at their hearing in Amador County Superior Court, resulting in their case being dismissed.

2    Id. at 5.

3        IV.    <u>Failure to State a Claim</u>

4            A.  <u>Claims Against Unidentified Officers at MCSP</u>

5           The complaint names "MCSP officers" as defendants and all allegations are against

6    "defendants" generally.  ECF No. 1.  Plaintiff fails to identify any of the MCSP officers by name,

7    though they do identify various individuals within the allegations.[3]  Id. at 2, 5.  To the extent

8    plaintiff's general reference to "MCSP officers" is an attempt to name Doe defendants, the use of

9    fictitiously named Doe defendants is generally not favored.  <u>Gillespie v. Civiletti</u>, 629 F.2d 637,

10    642 (9th Cir. 1980) (citation omitted).  However, amendment is allowed to substitute true names

11    for fictitiously named defendants.  See <u>Kreines v. United States</u>, 959, F.2d 834, 837 (9th Cir.

12    1992) (discussing substitution of Doe defendants in the context of the statute of limitations).

13           In this case, plaintiff has asserted claims against an unspecified number of Doe defendants

14    and makes allegations against "defendants" generally.  But there can be no liability under 42

15    U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

16    and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371, 376 (1976); <u>May v. Enomoto</u>,

17    633 F.2d 164, 167 (9th Cir. 1980).  Because plaintiff has not identified any specific action taken

18    by any separately identified Doe defendants, plaintiff fail to state any claims against them.  To

19    successfully state a claim for relief, plaintiff must separately identify each Doe defendant (e.g.

20    Doe 1, Doe 2, etc.) and explain the specific actions taken by each individual that deprived

21    plaintiff of their constitutional rights.  Plaintiff is cautioned that even if they successfully state a

22    claim for relief against a Doe defendant, if the defendant remains unidentified, the court will be

23    unable to order service due to the impossibility of serving an unknown individual.  Plaintiff

24    should therefore seek to identify any Doe defendants as soon as possible.

25    

26    [3]  Plaintiff did not list these individuals in the "Defendants" section of the complaint and it is
     unclear if these individuals represent the unidentified "MCSP officers" that are listed as

27    defendants.  Plaintiff must list any individuals intended as defendants in the section of the
     complaint designated for identifying defendants and specify what each individual did to violate

28    their rights.

1          B. Claims Against Russell

2          Plaintiff alleges Russell violated their constitutional rights by denying them access to the

3    courts and losing or stealing their property.  ECF No. 1 at 5.  However, plaintiff fails to identify

4    how Russell was involved in denying them access to the courts.  Id.  Plaintiff cannot state a claim

5    against Russell without identifying her conduct in connection to the alleged deprivation.  See

6    Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based

7    on the personal involvement of the defendant." (citation omitted)).

8          With respect to the property claim, the unauthorized deprivation of property by a prison

9    official, whether intentional or negligent, does not state a claim under § 1983 if the state provides

10   an adequate post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and

11   "California Law provides an adequate post-deprivation remedy for any property deprivations,"

12   Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code

13   §§ 810-895).  Therefore, to the extent plaintiff is attempting to state a due process claim against

14   Russell, or any other officer, for damaging and stealing their personal property, they fail to state a

15   claim for relief.

16          C. Retaliation

17          The complaint alleges that "defendants" took a number of retaliatory actions against

18   plaintiff because plaintiff filed a grievance.  ECF No. 1 at 4.  While plaintiff lists several ways

19   that defendants retaliated against them, plaintiff does not indicate which defendant did what to

20   retaliate, and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

21   link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at

22   371, 376.  Furthermore, although a grievance is protected conduct and the conduct alleged would

23   be considered adverse, plaintiff makes only a conclusory assertion that the conduct was because

24   of the grievance and provides no facts that would support such an inference.  See Rhodes v.

25   Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that

26   defendant took adverse action against plaintiff because of their protected conduct); Twombly, 550

27   U.S. at 555 (complaint must contain more than "a formulaic recitation of the elements of a cause

28   of action" (citation omitted)).  To successfully state a claim for retaliation, plaintiff must identify

5

1   which actions were taken by which individuals, and explain why they believe the conduct was

2   motivated by their grievance or other protected conduct.  At this time, plaintiff has failed to allege

3   facts that would successfully state a claim for relief.

4          The court further notes that while plaintiff attached seventy-one pages of exhibits to their

5   complaint, it is not the duty of the court to look through the exhibits to determine whether they

6   contain additional facts that would support a cognizable claim under § 1983.  Rather, the court

7   looks to the factual allegations contained in the complaint to determine whether plaintiff has

8   stated a cognizable claim for relief.

9              D.  Access to the Courts

10         Plaintiff asserts that defendants deprived them of their right to access the courts.  ECF No.

11  1 at 4.  While inmates have a "fundamental constitutional right of access to the courts," Lewis v.

12  Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)), that right

13  covers only limited types of cases: direct appeals from convictions for which the inmates are

14  incarcerated, habeas petitions, and civil rights actions regarding prison conditions, id. at 354.

15  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly

16  constitutional) consequences of conviction and incarceration."  Id. at 355.

17         Plaintiff contends that their case related to the loss of their property was dismissed after

18  they were unable to appear in person for a court proceeding in Amador County Superior Court.

19  Not only does plaintiff fail to explain how any defendant was involved in their inability to appear,

20  but the proceeding at issue appears to be related to a small claims petition or state tort claim,

21  neither of which is protected under the constitutional right of access.  Therefore, plaintiff has

22  failed to state a claim for which relief can be granted.

23     V.     Leave to Amend

24         The complaint does not state any cognizable claims for relief and plaintiff will be given an

25  opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

26  they must demonstrate how the conditions about which they complain resulted in a deprivation of

27  their constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must

28  also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

1   Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

2   unless there is some affirmative link or connection between a defendant's actions and the claimed

3   deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

4   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

5   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

6          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

7   their amended complaint complete.  Local Rule 220 requires that an amended complaint be

8   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

10  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

11  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

12  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

13  the original complaint no longer serves any function in the case.  Therefore, in an amended

14  complaint, as in an original complaint, each claim and the involvement of each defendant must be

15  sufficiently alleged.

16         Should plaintiff choose to amend the complaint, in addition to the legal standards

17  identified above, they should keep in mind the following legal standards.  To state a claim for

18  deliberate indifference under the Eighth Amendment, plaintiff much allege facts showing that

19  they had a "serious medical need" and that "defendant's response to the need was deliberately

20  indifferent."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  To demonstrate defendant's

21  response was deliberately indifferent, plaintiff must allege facts "showing (a) a purposeful act or

22  failure to respond to [plaintiff's] pain or possible medical need and (b) harm caused by the

23  indifference."  Id.  To state a claim for excessive force under the Eighth Amendment, plaintiff

24  must allege facts showing that the force used against them was done "maliciously and sadistically

25  to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).

26         To state a claim for equal protection under the Fourteenth Amendment, plaintiff must

27  allege facts showing that they were treated differently than similarly situated people.  City of

28  Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim for violation of the

1  Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose

2  to discriminate against him based upon his membership in a protected class." <u>Serrano v. Francis</u>,

3  345 F.3d 1071, 1082 (9th Cir. 2003) (citing <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.

4  1998)).

5       VI.      <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

6       Your request to proceed in forma pauperis is granted.  That means you do not have to pay

7  the entire filing fee now.  You will pay it over time, out of your trust account.

8       Your complaint will not be served because the facts you have alleged in the complaint are

9  not enough to state a claim for relief.  You need to explain what each defendant did that you

10  believe violated your constitutional rights.  You may amend your complaint to try to fix this

11  problem.  Be sure to provide facts that show exactly what each defendant did to violate your

12  rights or to cause a violation of your rights.

13       If you choose to amend your complaint, the first amended complaint must include all of

14  the claims you want to make because the court will not look at the claims or information in the

15  original complaint.  **Any claims and information not in the first amended complaint will not**

16  **be considered.**

17       In accordance with the above, IT IS HEREBY ORDERED that:

18       1.   Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 8) are

19  GRANTED.

20       2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23  appropriate agency filed concurrently herewith.

24       3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28

25  U.S.C. § 1915A, and will not be served.

26       4.   Within thirty days from the date of service of this order, plaintiff may file an amended

27  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

28  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 23, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9